IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06 CR 384-C

UNITED STATES OF AMERICA

v.

JASON A. LEWIS,

      Defendant.

**MEMORANDUM & ORDER**

**THIS MATTER** is before the Court on the Defendant's "Motion to Sever" filed November 14, 2006 (document #20). The "United States' Response . . ." (document #22) was filed November 15, 2006, and a hearing was conducted by the undersigned on November 28, 2006.

As noted in the Defendant's Motion, he and a single co-defendant (Kenneth Leroy Davis) are charged with conspiracy to commit identity theft, credit card fraud, aggravated identity theft, access device fraud, mail fraud, and bank fraud. In support of the subject Motion, the Defendant argues that his co-defendant's statement, which named Mr. Lewis as his partner in crime, entitles him to a severance. The only authority the Defendant cites is Bruton v. United States, 311 U.S. 123 (1968).

The "United States' Response . . ." acknowledges that Bruton would preclude admission of the co-defendant's statement, but correctly notes that Richardson v. Marsh, 481 U.S. 200, 208-09 (1987) and United States v. Akinkoye, 185 F.3d 192, 197-98 (4th Cir. 1999) *permit* admission of a *redacted* copy of the statement. Because that is precisely what the Government proposes to do in this case, the Defendant's Motion To Sever will be denied.

This conclusion is bolstered by five general principles of law governing joinder and severance. First, assuming proper joinder in the indictment, it is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." United States v. Brugman,

655 F.2d 540, 542 (4th Cir. 1981). Accord United States v. Khan, 461 F.3d 477, 490-91 (4th Cir. 2006); United States v. Smith, 451 F.3d 209, 218-19 (4th Cir.), cert. denied,127 S. Ct.197 (2006); United States v. Rivera, 412 F.3d 562, 571-72 (4th Cir.), cert. denied, 126 S. Ct. 670 (2005); and United States v. Strickland, 245 F.3d 368, 384 (4th Cir.), cert. denied, 534 U.S. 894 (2001). Indeed, unless "a miscarriage of justice" will result, there is a presumptive expectation that co-defendants should and will be tried together. Richardson v. Marsh, 481 U.S. at 206-11. Accord United States v. Samuels, 970 F.2d 1312, 1314 (4th Cir. 1992); and United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992).

This presumption that co-defendants should and will be tried together applies equally to defendants indicted on conspiracy charges. Zafiro v. United States, 506 U.S. 534, 537-38 (1993); Akinkoye, 185 F.3d at 197; United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992). But cf. United States v. McManus, 23 F.3d 878, 882 (4th Cir. 1994) (upholding trial court's sua sponte severance of 11-defendant trial into two trials for its own convenience).

Severance is only required under Rule 14 when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. Accord United States v. Najjar, 300 F.3d 466, 473 (4th Cir.), cert. denied, 537 U.S. 1094 (2002). That is manifestly not the case here.

Second, no right to severance arises because the evidence against one or more defendants is stronger, or more inflammatory, than the evidence against other defendants. See, e.g., Khan, 461 F.3d at 491; Rivera, 412 F.3d at 571-72; Strickland, 245 F.3d at 384; United States v. Johnson, 219 F.3d 349, 357 (4th Cir.), cert. denied, 531 U.S. 1024 (2000); United States v. Hall, 93 F.3d 126, 131 (4th Cir. 1996) (rejecting defendant's argument "that evidence brought against his co-defendant ... on [a related] murder charge may have inflamed the passions of the jury"); United States v. Riley,

2

991 F.2d 120, 125 (4th Cir. 1993); and Brooks, 957 F.2d at 1144-45.

Third, to require severance, a defendant must "establish that actual prejudice would result from a joint trial…not merely that a separate trial would offer a better chance of acquittal." United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995).  Accord Cardwell, 433 F.3d at 387-88; Najjar, 300 F.3d at 473; and Akinkoye, 185 F.3d at 197 ("[a] defendant is not entitled to severance merely because separate trials would more likely result in acquittal").

Fourth, the presence of conflicting or antagonistic defenses, standing alone, has also been held insufficient to require severance.  See, e.g., Zafiro, 506 U.S. at 538; Najjar, 300 F.3d at 474; and United States v. Spitler, 800 F.2d 1267, 1271 (4th 1986) ("The mere presence of hostility among defendants…or the desire of one to exculpate himself by inculpating another [are] insufficient grounds to require separate trials.").

And fifth, rather than the more radical remedy of severance, requiring multiple trials of the same offense or offenses, the courts have long favored limiting instructions to the jury.  See, e.g., Cardwell, 433 F.3d at 388;  Mackins, 315 F.3d at 415; Najjar, 300 F.3d at 475; Johnson, 219 F.3d at 357; United States v. Cole, 857 F.2d 971, 974 (4th Cir. 1988); and United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987).

**FOR THE FOREGOING REASONS**, the Defendant's "Motion To Sever" filed November 14, 2006 (document #20) is hereby **DENIED**.

The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties (Mr. Haakon Thorsen and AUSA Jonathan Vogel); and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: November 29, 2006

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge